**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **AMAC CREDIT FACILITY, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 08 CIV 501 (PKL)** |
| | § | |
| **RICHARD P. SHAW,** | § | |
| | § | |
| **Defendant.** | § | |

<u>**ORIGINAL ANSWER OF RICHARD P. SHAW**</u>

Defendant Richard P. Shaw ("Shaw") files this his Original Answer ("Answer") to the Complaint filed by Plaintiff AMAC Credit Facility, LLC ("AMAC") and in support states as follows:

<u>**Answer**</u>

1.    Shaw admits paragraph 1 of the Complaint.

2.    Shaw admits paragraph 2 of the Complaint.

3.    Shaw admits paragraph 3 of the Complaint.

4.    Shaw admits paragraph 4 of the Complaint.

5.    Shaw admits paragraph 5 of the Complaint.

6.    Shaw denies paragraph 6 of the Complaint.

7.    Shaw has not sufficient knowledge to admit or deny the amounts owed by Borrower to Plaintiff. Shaw admits the remaining averments of paragraph 7 of the Complaint.

8.    Shaw admits that the Guaranty contains the waivers as alleged, and denies the remainder of paragraph 8 of the Complaint.

9.    Shaw re-states his answers to paragraphs 1-8.

10.    Shaw denies paragraph 10 of the Complaint.

11.     Shaw denies paragraph 11 of the Complaint.

12.     Shaw denies paragraph 12 of the Complaint.

13.     Shaw re-states his answers to paragraphs 1-12 of the Complaint.

14.     Shaw admits that the Guaranty provides for recovery of court costs and legal expenses, but denies that AMAC has a right to recover its costs here.

### Affirmative Defenses

15.     Plaintiff's claims are barred because Shaw was fraudulently induced to execute the Limited Guaranty (the "Guaranty").

16.     On various dates before and during the fall of 2002, AMAC (through Mark Schlachter and other AMAC representatives working in AMAC's New York offices) negotiated and ultimately agreed with Shaw (both directly and through his attorneys, including Berri McBride and Rick Kearl of Dallas, Texas) that Shaw would guaranty the obligations of the borrower, Del Mar Villas/Spectrum LLC ("Del Mar"), to AMAC, up to a maximum of 10% of the principal amount of the loan.

17.     AMAC represented that it would prepare the Guaranty document in accordance with the terms agreed between AMAC and Shaw. AMAC drafted the Guaranty.

18.     At closing on October 30, 2002, Shaw was presented with voluminous documents for the closing of the loan transaction between AMAC and Del Mar. Shaw was presented with the signature page to the Guaranty.

19.     In reasonable reliance upon AMAC's previous representations and expressed agreement regarding the limit to Shaw's liability under the Guaranty, Shaw signed the Guaranty signature page. Shaw was not aware that AMAC had changed, in the document, the terms of the guaranty obligation.

20.    Thus, AMAC fraudulently induced Shaw to sign the Guaranty.

21.    The Guaranty is therefore invalid and unenforceable.


WHEREFORE, Defendant Shaw requests that the Plaintiff take nothing by its claims, and that the court award Shaw such other and further relief as it find just.


Dated:   14 March 2008.

Respectfully submitted,

HOWARD MARC SPECTOR, P.C.


By: _/s/  Nathan M. Johnson_
        Nathan M. Johnson (NJ-7545)
        12770 Coit Road, Suite 1100
        Dallas, Texas  75251
        nathanmj@sbcglobal.net
        (972) 239-4260
        FAX: (214) 237-3380

ATTORNEYS FOR THE DEFENDANT

PLATZER, SWERGOLD, KARLIN, LEVINE, GOLDBERG & JASLOW, LLP


By: _____/s/ Sydney G. Platzer_____.
        Sydney G. Platzer (SP/2895)
        1065 Avenue of the Americas
        18th Floor
        New York, NY 10018
        splatzer@platzerlaw.com
        (212) 593-3000
        FAX:(212) 593-0353