UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMAC CREDIT FACILITY LLC,<br><br>                Plaintiff,<br><br>    -against-<br><br>RICHARD P. SHAW,<br><br>                Defendant. | No. 08-CV-00501(PKL)(RLE)<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff AMAC Credit Facility LLC ("Plaintiff") appearing by and through its counsel of record, Patton Boggs LLP, as and for its First Amended Complaint, alleges as follows:

## I.   PARTIES

1. Plaintiff is a limited liability company organized under the laws of the State of Delaware which maintains its principal place of business at 625 Madison Avenue, New York, New York.

2. Defendant Richard P. Shaw ("Defendant") is an individual residing in the State of Texas, and who may be served with process by certified mail at his place of business, 17103 Preston Road, Suite 250, Dallas, Texas 75248.

## II.   JURISDICTION AND VENUE

3. This Court has jurisdiction by virtue of 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest, attorneys' fees and costs.

4. Venue is properly placed in this district under 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to one of more the claims alleged herein occurred in this district, and jurisdiction can be maintained over Defendant in this district. Specifically, the

contract and transactions which are the subject of this complaint were negotiated and are to be performed in whole or in part in this district.

5. Moreover, Defendant expressly consented in writing to jurisdiction and venue of this controversy in this Court. Specifically, within the Limited Guaranty which is the subject of this lawsuit, Defendant expressly agreed to the "jurisdiction of the United States District Court for the Southern District of New York . . . for purposes of all legal proceedings arising out of or relating to this Guaranty or the transactions contemplated hereby."

### III. FACTUAL BACKGROUND

6. On or about October 30, 2002, Defendant, as Guarantor, executed a Limited Guaranty (the "Guaranty") in favor of Plaintiff. Per the express terms of the Guaranty, Defendant guaranteed the obligations of Del Mar Villas/Spectrum LLC (the "Borrower") to Plaintiff, including those arising out of a Term Loan Agreement also dated October 30, 2002 by and between the Borrower and Plaintiff.

7. The Guaranty is limited by its terms to obligations of the Borrower in excess of $5,288,000.00. As of the date of this Complaint, the Borrower is indebted to Plaintiff in an amount which exceeds $5,288,000.00 by more than the jurisdictional minimum of this Court.

8. By the express terms of the Guaranty, Defendant waived all defenses, rights of presentment, demand, and all other notices of any kind. Notwithstanding the waiver of such conditions precedent, Defendant has actual knowledge of the outstanding obligations of the Borrower and has failed to make payments due under the Guaranty. Further, the parties expressly waived the right to trial by jury of the claims asserted herein.

9. On October 31, 2004, the amount under the Guaranty and Term Loan Agreements became due and payable in full. On or about January 28, 2005, Defendant executed a Forbearance Agreement, whereby Plaintiff agreed to forbear from enforcing its rights and

remedies under the Guaranty or those of the Borrower or Defendant arising out of the Term Loan Agreement until October 31, 2005. In furtherance of the Forbearance Agreement, Defendant ratified, confirmed and reaffirmed all the terms and conditions of the Guaranty, and therefore his full obligations and liability arising therein.

10. By the express terms of the Forbearance Agreement, Defendant acknowledged and agreed that with respect to the Guaranty, he has no offset, defenses, claims or counterclaims (known or unknown) against Plaintiff, and if Defendant had any defenses, claims or counterclaims (known or unknown) against Plaintiff at the execution of the Forbearance Agreement, they are expressly waived.

### IV.    CAUSES OF ACTION

**FIRST CLAIM FOR RELIEF**
[Breach of Contract – Limited Guaranty]

11. Plaintiff repeats and realleges as if fully set forth herein the allegations contained in paragraphs 1 through 10, inclusive, of this First Amended Complaint.

12. As set forth above, Defendant has breached its obligations under the Guaranty by failing to make payments to Plaintiff for obligations of the Borrower exceeding $5,288,000.00.

13. Plaintiff has fully performed all of its obligations under the Guaranty and all conditions precedent, if any, to bringing this action have been satisfied.

14. As a proximate result of the actions described above by Defendant, Plaintiff has suffered a pecuniary loss in an amount in excess of the Court's jurisdictional minimum and subject to proof at trial.

**SECOND CLAIM FOR RELIEF**
[Attorneys' Fees]

15. Plaintiff repeats and realleges as if fully set forth herein the allegations contained in paragraphs 1 through 14, inclusive, of this First Amended Complaint.

16. The Guaranty provides that Plaintiff is entitled to recover its court costs and legal expenses incurred in enforcing the Guaranty. Accordingly, Plaintiff seeks to recover all costs and expenses, including attorneys' fees, incurred in connection with the prosecution of this action.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer and that Plaintiff receive the following relief:

1. Compensatory damages according to proof;
2. Prejudgment interest as allowed by law;
3. All reasonable attorneys' fees, costs, and expenses incurred by Plaintiff as allowed by law;
4. Such other and further relief as the Court deems just and proper and to which Plaintiff shows itself entitled.

Dated: June 30, 2008

New York, New York

Respectfully submitted,

By: _____/s/_____

Philip M. Smith (PS8132)
PATTON BOGGS LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (646) 557-5100
Facsimile: (646) 557-5101

and

Patrick F. McManemin (admitted *pro hac vice*)
Joseph M. Cox (admitted *pro hac vice*)
J. Thomas Gilbert (admitted *pro hac vice*)
PATTON BOGGS LLP
2100 Ross Avenue
Suite 3000
Dallas, Texas 75201
Telephone: (214) 758-1500
Facsimile: (214) 758-1550

Attorneys for Plaintiff AMAC Credit Facility LLC